```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------x

CARLA BELEN FIGUEROA,

                Plaintiff,              MEMORANDUM & ORDER
                                          20-CV-00913(EK)
        -against-

COMMISSIONER OF SOCIAL SECURITY,

                Defendant.

-------------------------------------x
```

ERIC KOMITEE, United States District Judge:

Plaintiff seeks judicial review of the Commissioner of the Social Security Administration's decision to deny her claims for disability insurance benefits and supplemental social security income. Before the Court are the parties' cross-motions for judgment on the pleadings. For the following reasons, the Court grants the Commissioner's motion and denies Plaintiff's motion.

## I.  Background

**A. Procedural History**

Plaintiff applied to the Social Security administration for disability insurance benefits and supplemental social security income. *See* Administrative Transcript ("Tr.") 290. She claimed disability due to a back injury and sciatica beginning September 14, 2015. Tr. 329, 351. The application was initially denied. Tr. 47. After requesting

1

a hearing, Plaintiff appeared before an administrative law judge on June 6, 2018.  Tr. 269.  The ALJ found that Plaintiff was not disabled and was therefore not entitled to disability benefits or supplemental social security income.  Tr. 48.  The Appeals Council denied Plaintiff's request for review of the ALJ's decision, rendering it final.  Tr. 4.  This appeal followed.

**B. The ALJ Decision**

An ALJ must follow a five-step inquiry for evaluating disability claims.  First, the ALJ determines whether the claimant is engaged in substantial gainful activity.  20 C.F.R. § 404.1520(b).  If not, the ALJ evaluates (at step two) whether the claimant has a "severe impairment" — that is, an impairment or combination of impairments that significantly limits the applicant's ability to do basic work activities.  *Id.* § 404.1520(c).  If there is a severe impairment, the ALJ must determine (at step three) if it meets or equals one of the impairments listed in Appendix 1 of the regulations (the "Listed Impairments").  *Id.* § 404.1520(d); 20 C.F.R. Part 404, Subpart P, Appendix 1.  If so, the ALJ will deem the applicant disabled.  *Id.* § 404.1520(a)(4)(iii).

Here, the Plaintiff had not engaged in substantial gainful activity, and the ALJ found the following severe impairments: mild compression deformity at L1 of the lumbar spine, cervical spine degenerative changes, and anxiety

2

disorder. Tr. 49-50. None of those impairments, however, rose to the level of a Listed Impairment. *Id.*

Before proceeding to step four, the ALJ must determine a claimant's residual functional capacity ("RFC"), which is the most a claimant can still do in a work setting despite physical and mental limitations. 20 C.F.R. § 404.1545(a)(1). In this case, the ALJ determined that Plaintiff had the RFC to perform "sedentary work," with added limitations for "occasionally reaching overhead with the bilateral upper extremities; climbing ramps and stairs occasionally; never climbing ladders, ropes, or scaffolds; frequently handling and fingering; and limited to performing simple, routine tasks." Tr. 51.

At step four, the ALJ considers whether, in light of the claimant's RFC, the claimant could perform "past relevant work." 20 C.F.R. § 404.1520(f). If not, at step five, the ALJ evaluates whether the claimant can perform jobs existing in significant numbers in the national economy. *Id.* § 404.1520(g). The ALJ here found that although Plaintiff could not perform her past work, she could perform other jobs in the local and national economy, including those of assembler, lens-block gauger (meaning a person that examines optical lenses), and table worker. Tr. 58.

3

## II.  Standard of Review

A federal district court has jurisdiction to review the final decision of the Commissioner of Social Security. 42 U.S.C. § 405(g).  The review is limited to two questions: whether substantial evidence supports the Commissioner's decision and whether the Commissioner applied the correct legal standards.  *Moran v. Astrue*, 569 F.3d 108, 112 (2d Cir. 2009). "Substantial evidence means more than a mere scintilla.  It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."  *Burgess v. Astrue*, 537 F.3d 117, 127 (2d Cir. 2008).  "[I]f supported by substantial evidence," the Commissioner's factual findings "shall be conclusive."  42 U.S.C. § 405(g).

## III. Discussion

Plaintiff argues that the ALJ's RFC determination is contrary to the medical evidence in the record.  She claims, in particular, that the ALJ erred (i) in finding that she could sit for six hours in an eight-hour workday and (ii) by not including a limitation for lateral reaching.

**A. Limitation for Sitting**

The ALJ found that Plaintiff had an RFC for sedentary work.  This designation "generally involves up to two hours of standing or walking and six hours of sitting in an eight-hour work day."  *Curry v. Apfel*, 209 F.3d 117, 123 (2d Cir. 2000)

4

(citing Social Security Ruling 83-10).  Plaintiff argues that this determination was contrary to the opinions of two physicians — Dr. Daniel Torres, Plaintiff's treating neurophysiologist, and Dr. Shannon Gearhart, a consultative physician for the Social Security Administration.  Dr. Torres opined that Plaintiff could sit for only "about 4 hours in an 8-hour workday."  Tr. 56.  He also stated that Plaintiff "could stand and/or walk about 2 hours in an 8-hour workday; [and] would need to rest in addition to normal breaks, including lying down for 1 hour total during in an 8-hour workday."  Tr. 56-57.  Dr. Gearhart addressed Plaintiff's ability to sit as well, though in less detail.  He stated that Plaintiff had "moderate limitations for . . . prolonged sitting."  Tr. 55.  The ALJ gave only "partial weight" to Dr. Toress's and Dr. Gearhart's opinions.  Tr. 55-56.

An ALJ is "entitled to weigh all of the evidence available to make an RFC finding," as long as it is "consistent with the record as a whole."  *Matta v. Astrue*, 508 F. App'x 53, 56 (2d Cir. 2013).  In doing so, an ALJ has certain authority to "choose between properly submitted medical opinions," *McBrayer v. Secretary of Health and Human Servs.*, 712 F.2d 795, 799 (2d Cir. 1983), and resolve conflicting evidence.  *Cage v. Comm'r of Soc. Sec.*, 692 F.3d 118, 122 (2d Cir. 2012) ("In our review, we defer to the Commissioner's resolution of conflicting

5

evidence."). An ALJ's conclusion, therefore, "may not perfectly correspond with any of the opinions of medical sources cited." *Matta*, 508 Fed. App'x at 56; *see also Cook v. Comm'r of Soc. Sec.*, 818 F. App'x 108, 109-10 (2d Cir. 2020) ("Although there was no medical opinion providing the specific restrictions reflected in the ALJ's RFC determination, such evidence is not required when "the record contains sufficient evidence from which an ALJ can assess the [Plaintiff's] residual functional capacity."). It is impermissible, however, for an ALJ to "arbitrarily substitute his own judgment for competent medical opinion." *Balsamo v. Chater*, 142 F.3d 75, 81 (2d Cir. 1998).

The ALJ's ascription of partial weight to doctors Torres's and Gearhart's opinions was consistent with the medical record as a whole. A treating physician's opinion, though generally entitled to deference, is not afforded controlling weight where, as here, it is inconsistent with substantial evidence elsewhere in the record. *Halloran v. Barnhart*, 362 F.3d 28, 32 (2d Cir. 2004).

The ALJ accorded Dr. Gearhart's opinion only "partial weight" because Dr. Gearhart's proscribed limitation for "prolonged sitting" was "not entirely supported by other physical examinations in the record showing nearly normal findings and no focal neurological findings." Tr. 55 (citing, among other things, an October 2015 report by Dr. Alfred Hicks,

6

an orthopedist, stating that Plaintiff's hip flexor weakness "appears to be more of pain . . . rather than actual neurological deficit"). The ALJ also noted that Gearhart's opinions were "not fully consistent with the claimant's conservative treatment with no injections or surgery recommended." Tr. at 55; *see also* Tr. 177 (Plaintiff testified that she did not undergo back surgery or receive injections).

Courts in this circuit have affirmed a sedentary work designation despite a medical opinion, such as that of Dr. Gearhart, that the plaintiff could not sit for "prolonged" periods of time. *See, e.g.*, *Zacharopoulos v. Saul*, No. CV 19 5075, 2021 WL 235630, at *14 (E.D.N.Y. Jan. 25, 2021); *Barone v. Comm'r of Soc. Sec.*, No. 19-CV-0482, 2020 WL 3989350, at *5 (W.D.N.Y. July 15, 2020) ("[C]ourts have upheld an ALJ's decision that the claimant could perform light or sedentary work even when there is evidence that the claimant had moderate difficulties in prolonged sitting or standing."); *see also Halloran*, 362 F.3d at 33 ("The regulations do not mandate the presumption that all sedentary jobs in the United States require the worker to sit without moving for six hours, trapped like a seat-belted passenger in the center seat on a transcontinental flight.").

The ALJ likewise did not err in giving only "some weight" to Dr. Torres's opinion of Plaintiff's capabilities in

respect of an eight-hour work day.  The ALJ noted that some limitations, including the need to use a cane to walk, were not supported by the medical record.  Tr. 57.  Dr. Torres's observation that Plaintiff required the use of a cane, for example, contradicted Plaintiff's own testimony that she did not need one.  *Id.*

The ALJ's RFC finding is also supported by the assessment of Dr. Alwani, who treated Plaintiff for chronic back pain and observed that Plaintiff was "employable with work limitations" — an observation to which the ALJ assigned "great weight."  Tr. 572.  Dr. Alwani did not specify the duration of time that Plaintiff could sit; but because an RFC for sedentary work is the most restrictive work level listed in the regulations, *see* 20 CFR § 404.1567(a), Dr. Alwani's opinion supports such a designation.  This is also consistent with Dr. Alwani's medical reports.  He treated Plaintiff eight times between 2016 and 2018.  *See* Tr. 538-546.  The most recent treatment report, dated January 23, 2018, noted that Plaintiff had chronic back pain and an "old L1 fracture," but was "improving" and was in "no acute distress."  Tr. 538.  Her gait was "normal," and she continued to follow up with neurological and physical therapy.  *Id.*  Plaintiff's treatment plan included taking iron supplements for anemia, following up with neurology, and going to the gym.  Tr. 571.

8

It also bears noting that Dr. Torres indicated Plaintiff's sitting limitation on a "Medical Source Statement," a standardize check-the-box form, approximately eight months after he last saw Plaintiff. This is entitled to lesser weight. *See Halloran v Barnhart*, 362 F.3d 28, 32 (2d Cir. 2004) (treating physician's opinion was "not particularly informative" where he "checked a box stating that [Plaintiff] could sit for 'less than 6 hours per day'").

Substantial evidence thus supports the ALJ's finding that Plaintiff could sit for six hours in an eight-hour workday.

**B. Limitation for Reaching**

The ALJ chose to include an overhead, but not lateral, lifting restriction in Plaintiff's RFC. Plaintiff claims the ALJ should have accounted for Dr. Torres's opinion that Plaintiff could only occasionally reach both "*lateral* and overhead" with her right arm. Tr. 593 (emphasis added).

The ALJ is "entitled to weigh all of the evidence available to make an RFC finding that was consistent with the record as a whole." *Matta v. Astrue*, 508 F. App'x at 56. The ALJ found that the limitations in Dr. Torres's opinion "with respect to . . . and arms [were] not entirely consistent with the examination findings, which reflect[ed] normal and near normal motor . . . strength." Tr. 57. Dr. Gearhart, in particular, noted that Plaintiff's shoulder could elevate and

9

move away from the midline ninety-degrees bilaterally, could move toward the midline twenty-degrees bilaterally, that Plaintiff had "full internal/external rotation bilaterally" and "full [range of motion] of elbows, forearms, and wrists bilaterally." Tr. 447-48. And, as stated above, Dr. Torres's "check-box" opinion is not especially informative. *Halloran*, 362 F.3d at 32.

The ALJ's RFC finding is supported by substantial evidence in the record.

## IV. Conclusion

For the reasons set forth above, the Court grants Commissioner's motion for judgment on the pleadings and denies the Plaintiff's cross-motion. The Clerk of Court is respectfully requested to enter judgment and close this case.

SO ORDERED.

                                        /s Eric Komitee
                                        ERIC KOMITEE
                                        United States District Judge

Dated:    September 27, 2021
            Brooklyn, New York